# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 08-2986

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

COURTNEY D. HURT,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 4:07-cr-40047-DRH-1—**David R. Herndon**, *Chief Judge.*

ARGUED APRIL 2, 2009—DECIDED JULY 28, 2009

Before BAUER and FLAUM, *Circuit Judges,* and KAPALA,[*]
*District Judge.*

BAUER, *Circuit Judge.* At Courtney D. Hurt's trial for
possession with intent to distribute five grams or more
of crack cocaine, several police officers testified for the
government, both as to the facts and as expert witnesses.
The jury returned a verdict of guilty. Hurt's sentencing
Guidelines ranged from 360 months to life imprison-

---

[*] Of the Northern District of Illinois, sitting by designation.

ment. After finding that there were no factors that warranted a deviation from this range, the court sentenced Hurt to 360 months' imprisonment. On appeal, Hurt argues that the district court erred by allowing the officers to testify without the appropriate procedural safeguards that would have distinguished between what was asserted as a fact witness and what was an expert opinion. Hurt also argues that the district court erroneously presumed that any sentence within the Guidelines range was reasonable. Finding no error, we affirm.

## BACKGROUND

After a grand jury indicted Hurt with knowingly and intentionally possessing with intent to distribute five grams or more of crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), the government served notice that it planned to use the investigating officers involved in Hurt's arrest as both fact and expert witnesses; Hurt moved the district court for a voir dire hearing of the officers to determine their expert qualifications. Hurt also moved to exclude the investigating officers' expert testimony because, according to Hurt, the government had failed to timely and adequately disclose the names of the officers and summaries of their proposed testimony, in violation of Federal Rule of Criminal Procedure 16(a)(1)(G). The district court denied the motions to exclude the expert testimony; it ruled that voir dire was not needed since the officers were going to testify to routine drug matters and that the government had

provided sufficient notice as to the intended expert testimony.

At trial, the government proved its case through the testimony of various investigating officers, which included Illinois State Police Trooper Stephen Brian Lawrence, and Metropolis Officer Ricky Griffey, who was assigned to the Southern Illinois Task Force. Both Lawrence and Griffey testified as to the circumstances of Hurt's arrest and, based on their experiences, to what were standard drug dealer quantities and packaging. Hurt objected to the dual nature of Griffey's testimony; he argued that the jury would not be able to separate the two kinds of testimony and, because of the seamless interchanging between fact and expert testimony, his case would be prejudiced. The government did not "mind if it's stricken," so the district court struck Griffey's testimony and instructed the jury to disregard it.

The jury returned a guilty verdict against Hurt.

At sentencing, pursuant to the 2007 Federal Sentencing Guidelines Manual, Hurt's initial offense level was calculated at 26. The district court was satisfied that Hurt qualified as a career offender under U.S.S.G. § 4B1.1; it found that Hurt's two or more felony convictions for the distribution of controlled substances qualified as predicate offenses and applied the career offender enhancement, resulting in an increased offense level of 37. Hurt's sentencing Guidelines ranged from 360 months to life imprisonment. The district court sentenced Hurt to 360 months' imprisonment and this timely appeal followed.

## DISCUSSION

Hurt argues that the district court improperly allowed the officers to testify as both fact and expert witnesses without providing sufficient cautionary instructions which would have distinguished their roles for the jury. Hurt also contends that the district court erroneously gave the sentencing Guidelines undue weight.

As to the dual role inquiry, Hurt argues that the questions posed by the government to the officers failed to properly distinguish between their roles as experts and fact witnesses, which, ultimately, prejudiced the jury in their deliberations. *See United States v. Upton*, 512 F.3d 394, 401 (7th Cir. 2008) (discussing the concerns when a jury may unduly credit the witness's fact testimony given his status as an expert).

We review the district court's decision to allow the officers to testify as experts for an abuse of discretion. *Upton*, 512 F.3d at 401. *Upton* allows a witness to testify in both roles if followed by the appropriate procedural safeguards. *Id*. at 401-02. We need not consider those safeguards because Hurt objected rather vaguely to Griffey's dual testimony and received a favorable ruling that struck the testimony. Because there was no objection to the other officers testifying in both capacities, the issue of their testimony was waived.

Hurt also argues that the government violated Rule 16 by failing to timely and sufficiently disclose the intended expert testimony of the officers. *See* Fed. R. Crim. P. 16(a)(1)(G). Hurt argues that the district court abused its discretion when it accepted the Rule 16 violation when

it denied his motion to exclude the officers' expert testimony since, at a minimum, the government did not disclose the names of the experts, depriving him a fair opportunity to prepare their cross-examination. Assuming that the district court abused its discretion on this issue of Rule 16 compliance, we then inquire as to whether that error was harmless. *See United States v. Britton*, 289 F.3d 976, 983 (7th Cir. 2002). The discovery correspondence delivered to Hurt, which included the purported insufficient summaries, summarized what the officers intended to testify about as experts based on their training and experience—namely, drug packaging and dealer quantities and the accompanying intent to distribute, or as the district court put it, "ordinary run-of-the-mill testimony about drug transactions, drug business, etc." Further, although the summary did not include the names of the investigating officers, Hurt was provided with the officers' investigative reports, which included the officers' names. Hurt knew the names of the expert officers and the subject of their intended testimony before they testified; so any error was harmless beyond a reasonable doubt.

Turning now to the heart of his appeal, Hurt argues that the district court erred by treating the Guidelines as applicable and presumptively reasonable; in other words, that the court credited the Guidelines with undue weight and sentenced him to a Guidelines sentence. "Whether the district court followed the proper procedures after *United States v. Booker*, 543 U.S. 220 (2005), in imposing [a] sentence is a question of law we review de novo." *United States v. Smith*, 562 F.3d 866, 872 (7th

Cir. 2009) (citation omitted). In this review, we first look for procedural errors such as "treating the Guidelines as mandatory" or "failing to consider the § 3553(a) factors." *United States v. Clanton*, 538 F.3d 652, 659 (7th Cir. 2008) (quoting *Gall v. United States*, 128 S. Ct. 586, 597 (2007)). After that, "[a]ssuming the district court's sentencing decision is procedurally sound," we look at the substantive reasonableness of the sentence, where, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range," we review the district court's sentencing decision for reasonableness, using an abuse of discretion standard. *Id*.

Hurt argues that the district court committed procedural error by presuming reasonable a Guidelines sentence and failing to meaningfully consider the other statutory sentencing factors, 18 U.S.C. § 3553(a), that would support a non-Guidelines sentence. Hurt points to the district court's own language: "So the analysis I have to go through is, well, is this a guideline case?" The district court continued, "[w]hat is it about Mr. Hurt that suggests that he really doesn't deserve a guideline sentence, the kind of sentence experts in Washington have determined is appropriate for someone who is a career offender, someone who keeps committing crime after crime?" These statements, according to Hurt, established that a legal presumption was applied in favor of the Guidelines—that the district court would have automatically imposed a Guidelines sentence absent some compelling reason. And with this erroneous view of the Guidelines, Hurt suggests, the district court simply stopped at the Guidelines without considering the mandatory § 3553(a) factors.

We disagree; the district court did not commit procedural error by giving undue weight to the Guidelines. What it did do was follow the instructions of the Court in *Gall.* There, the Court stated that "the Guidelines should be the starting point and the initial benchmark." *Gall*, 128 S. Ct. at 596; *see Kimbrough v. United States*, 128 S. Ct. 558, 574 (2007). The next step is to hear arguments from the parties as to whether the Guidelines should not apply either because the case falls outside the "heartland" of the Guidelines, or because a Guidelines sentence fails to reflect the § 3553(a) factors, or because, regardless, a different sentence is warranted. *See Gall*, 128 S. Ct. at 596; *see also Rita v. United States*, 551 U.S. 338, 351 (2007); *see also Smith*, 562 F.3d at 872. In making this determination, a district court is instructed to make "an individualized assessment based on the facts presented," but after *Booker*, it "may not presume that the Guidelines range is reasonable." *Gall*, 128 S. Ct. at 596-97; *see Rita*, 551 U.S. at 351. If the district court decides a non-Guidelines sentence is warranted, it must give consideration to the extent of any departure from the Guidelines and justify, under § 3553(a), any such departure. *See Gall*, 128 S. Ct. at 597; *see also Rita*, 551 U.S. at 351.

The district court did not sentence Hurt to a presumed, default sentence within the Guidelines range merely because the sentence imposed fell within the range. Rather, pursuant to *Gall*, it began with the Guidelines as its benchmark and did not stop there; it moved on to the statutory § 3553(a) factors, which the parties addressed, including any objections they had to the Guidelines

range, and concluded that the factors did not justify a deviation from them, stating, "I can't think of a reason why there is a reason to give [Hurt] less than a guideline sentence."

Given the fact that the district court started with the Guidelines and did not deviate from them after it balanced the § 3553(a) factors, and the presumption of reasonableness we apply on appeal, *see Gall*, 128 S. Ct. at 597, it was not unreasonable to sentence Hurt to the lowest end of the career offender Guidelines range.

We AFFIRM.