NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 26, 2010
Decided May 27, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| No. 09-2703 | |
| | Appeal from the United States District |
| UNITED STATES OF AMERICA, | Court for the Northern District of Illinois, |
| *Plaintiff-Appellee*, | Eastern Division. |
| | |
| *v.* | No. 08 CR 906-1 |
| | |
| LUIS CONTRERAS, | Wayne R. Andersen, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Between July and November 2007, Luis Contreras and his codefendant, Corey Williams, sold three guns to an undercover federal agent. After his arrest Contreras confessed to participating in these sales. He also admitted to selling cocaine since 2000 and to participating in over 10 shootings as a "leading member" of the Latin Saints street gang. Contreras currently is facing state charges of attempted first-degree murder and aggravated battery arising from one of these shootings. His criminal history includes two convictions for unlawful use of a weapon, a kidnapping conviction, and over 20 other arrests.

Contreras pleaded guilty to one count each of dealing and conspiring to deal in firearms without a license, 18 U.S.C. §§ 922(a)(1)(A), 371, and to three counts of possession of a firearm by a felon, *id.* § 922(g)(1). The district court sentenced him to a total of 100 months' imprisonment. Contreras appeals, but his appointed counsel have moved to

withdraw because they cannot identify any nonfrivolous argument to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Contreras has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issue outlined in counsel's brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). Because Contreras does not want his guilty pleas set aside, counsel correctly bypass discussion of potential issues concerning the voluntariness of Contreras's pleas or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

In the presentence investigation report, the probation officer grouped the offenses together as part of a common scheme or plan, *see* U.S.S.G. § 3D1.2(b), and set a base offense level of 20 because Contreras had previously been convicted of a crime of violence (kidnapping). *See* U.S.S.G. § 2K2.1(a)(4)(A). The probation officer then added 2 levels because there were three firearms, *see id.* § 2K2.1(b)(1)(A), and subtracted 3 levels for acceptance of responsibility, *see id.* § 3E1.1, for a total offense level of 19. Contreras's prior convictions resulted in a criminal history category of IV. *See id.* § 4A1.1(a), (b). The total offense level of 19 and criminal history category of IV yielded a guidelines imprisonment range of 46 to 57 months.

At sentencing the government argued for 120 months' imprisonment on the ground that a sentence significantly above the guidelines range was justified by Contreras's criminal history and his admitted gang affiliation. Contreras asked for a sentence of 40 months, however, emphasizing his acceptance of responsibility and pledging to renounce gang life. The district court sentenced Contreras to two 60-month terms for dealing and conspiring to deal in firearms and three 100-month terms for the three § 922(g)(1) counts, all running concurrently.

The only potential issue counsel consider is whether Contreras's overall prison sentence, which is 43 months above his guidelines range, is unreasonably high. We would uphold as reasonable an above-guidelines sentence as long as the district court applied the factors set forth in 18 U.S.C. § 3553(a) and adequately explained its reasons for imposing the sentence. *See United States v. Hurt*, 574 F.3d 439, 442 (7th Cir. 2009), *cert denied*, No. 09-9107, 2010 WL 604233 (Mar. 22, 2010); *United States v. Wise*, 556 F.3d 629, 632-33 (7th Cir. 2009); *United States v. Tockes*, 530 F.3d 628, 632 (7th Cir. 2008). Counsel correctly conclude that this argument would be frivolous because the district court thoroughly analyzed the § 3553(a) factors and amply justified Contreras's sentence. The court recounted Contreras's extensive criminal history, the danger that weapons dealing poses to society, and Contreras's previous failures to renounce his gang affiliation after serving time in prison. The court also considered Contreras's difficult childhood and the fact that he accepted responsibility in this case but concluded that a sentence within the guidelines range of 46 to 57 months

would not deter Contreras from future criminal behavior.  Counsel are unable to point to any other factor that would have compelled a lower sentence, and neither can we.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.