NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 23, 2010
Decided September 27, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1371

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:09-cr-10089-001 |
| ANTONIO M. GAMBLE, <br> *Defendant-Appellant.* | Michael M. Mihm, <br> *Judge*. |

## O R D E R

As part of an ongoing dispute involving a neighbor's dog's attack on his own dog, Antonio Gamble fired several rifle shots into his neighbor's house. Gamble later pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and the district court sentenced him to 54 months' imprisonment, above the applicable guidelines range of 24 to 30 months. Gamble filed a notice of appeal, but his appointed counsel cannot find any non-frivolous basis to challenge Gamble's conviction or sentence and seeks permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Gamble has not responded to our

invitation to comment on counsel's motion. *See* CIR. R. 51(b). We limit our review to the issues identified in counsel's facially adequate brief. *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

In the presentence investigation report, the probation officer assessed Gamble's base offense level at 14, U.S.S.G. § 2K2.1(a)(6)(A); added 4 levels because Gamble fired his rifle into an occupied home, thereby committing the felony offense of aggravated discharge of a firearm, 720 ILCS 5/24-1.2(a)(2), U.S.S.G. § 2K2.1(b)(6); and subtracted 3 levels for Gamble's timely acceptance of responsibility, *see id.* § 3E1.1, for a total offense level of 15. Gamble's prior convictions resulted in a criminal history category of III. *See id.* § 4A1.1(c), (d). The total offense level of 15 and criminal history category of III yielded a guidelines imprisonment range of 24 to 30 months.

At sentencing the government argued for an 8-level increase under U.S.S.G. § 5K2.0(a)(2)(A), (a)(3) on the grounds that the 4-level increase under § 2K2.1(b)(6) insufficiently captured the severity of Gamble's conduct. According to the government, § 2K2.1(b)(6), which applies if the defendant "used or possessed any firearm or ammunition in connection with another felony offense," would apply to *any* felony in which Gamble possessed or used the rifle. But Gamble's conduct in the present case, the government argued, was particularly egregious and warranted harsher punishment: Gamble had blindly fired 7 to 10 gunshots into a house he knew to be occupied and several minutes later then fired an additional volley of gunshots into the house—two separate, dangerous episodes. The record also reflected that Gamble involved his stepson in the matter, first by bringing him to the house—subjecting him to the possible danger of return gunfire—and later by falsely identifying him to the police as the source of the second volley of gunshots. The government argued that the Sentencing Commission specifically added § 5K2.0 to allow the district court to consider such exceptional aggravating circumstances.

Gamble opposed the proposed 8-level increase, arguing that any increase beyond the 4 levels prescribed by § 2K2.1(b)(6) would be double counting because it would further enhance the guidelines range (and his sentence) for conduct already reflected by the § 2K2.1(b)(6) increase. The district court heard argument from both sides; then, citing its agreement with the government that the 4-level increase under § 2K2.1(b)(6) insufficiently embraced the severity of Gamble's conduct, the court decided to adjust the guidelines range upward 6 levels to reflect the seriousness of Gamble's conduct. Coupled with Gamble's criminal history category of III, this yielded a guidelines range of 46 to 57 months' imprisonment, and the court sentenced Gamble to a 54-month term.

As an initial matter, counsel has determined that Gamble does not wish to withdraw his guilty plea and wishes to challenge only his sentence, so counsel properly refrains from

discussing potential issues concerning the voluntariness of the plea or the adequacy of the plea colloquy. *United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel first considers whether Gamble could mount any procedural challenge to his sentencing, *Gall v. United States*, 552 U.S. 38, 51 (2007); *see United States v. Jackson*, 547 F.3d 786, 792 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 1538 (2009), and specifically considers whether Gamble might renew his argument that the district court's sentence included impermissible double counting. The defense had argued at sentencing that § 2K2.1(b)(6)'s 4-level increase fully captured the seriousness of Gamble's conduct, and that any upward departure under § 5K2.0 would be impermissible double counting.

But double counting occurs only when, in the context of determining the properly calculated guidelines range, the district court imposes two different increases based on identical facts or conduct. *See United States v. Diekemper*, 604 F.3d 345, 354-55 (7th Cir. 2010). A district court does not engage in impermissible double counting when it disagrees with the Sentencing Commission's policies behind certain guidelines; we have made clear that *United States v. Booker*, 543 U.S. 220 (2005), rendered the concept of departures obsolete and that district courts may apply the departure guidelines by way of analogy in analyzing the 18 U.S.C. § 3553(a) factors at sentencing. *See United States v. Johnson*, No. 09-3247, 2010 WL 2788395, at *7 (7th Cir. July 16, 2010); *United States v. Miranda*, 505 F.3d 785, 792 (7th Cir. 2007). Here, after weighing the § 3553(a) factors, the district court acted within its discretion by deciding that the 4-level increase under § 2K2.1(b)(6) did not capture the severity of Gamble's conduct. *See United States v. Corner*, 598 F.3d 411, 415 (7th Cir. 2010) (en banc) ("So long as a district judge acts reasonably . . . the Sentencing Commission's policies are not binding."). Any argument to the contrary would be frivolous.

Counsel also considers whether the court's 54-month sentence, which is 24 months above the top end of Gamble's guidelines range, is unreasonably high. But we would uphold as reasonable an above-guidelines sentence as long as the district court applied the factors set forth in § 3553(a) and adequately explained its reasons for imposing the sentence. *See United States v. Hurt*, 574 F.3d 439, 442 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 1923 (2010); *United States v. Wise*, 556 F.3d 629, 632-33 (7th Cir. 2009); *United States v. Tockes*, 530 F.3d 628, 632 (7th Cir. 2008). As counsel correctly concludes, any argument that Gamble's sentence was substantively unreasonable would be frivolous. The court recounted Gamble's criminal history, his documented problems with uncontrolled anger, his initial involvement of his stepson in the crime, and the danger to the public. The court also considered Gamble's troubled childhood and his timely acceptance of responsibility, but concluded that an above-guidelines sentence would better capture the severity of Gamble's conduct, permit him to receive counseling to control his anger, protect the public from his volatile temper, and best deter him from future criminal behavior.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.