NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 8, 2011
Decided March 9, 2011

*Before*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-1994

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of |
| | Wisconsin. |
| v. | |
| | No. 10-CR-23-C-01 |
| EARL S. STUART, | |
| *Defendant-Appellant*. | Barbara B. Crabb, |
| | *Judge*. |

**O R D E R**

Earl Stuart pleaded guilty to possession of marijuana with intent to distribute. 21 U.S.C. § 841(a)(1). The district court sentenced him to 24 months' imprisonment, twice the high end of his guidelines range, to be served consecutively to a 36-month term for violating the conditions of his supervised release from a previous case. Stuart filed a notice of appeal from the judgment in the drug case, but his appointed counsel has concluded that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Stuart has not responded to counsel's submission. We limit our review to the potential issues identified by counsel.

This case marks conviction number eight for Stuart. His first six, collected between 1973 and 1980, covered a range of crimes, including receipt of stolen property, aggravated

assault, and several robberies. His seventh, a federal drug offense, came in 1990; Stuart was sentenced as a career offender to 262 months' imprisonment. He had been out of prison on supervised release for less than a year when he was arrested for this drug offense.

Despite his extensive criminal background, only his 1990 conviction was recent enough to affect his guidelines imprisonment range. The probation officer placed Stuart in criminal-history category III, and because the amount of marijuana was under 2.5 kilograms, calculated an imprisonment range of 6 to 12 months. The probation officer recommended an above-range sentence based in part on Stuart's previous convictions, which the officer concluded were not adequately represented by his criminal history category.

The district court agreed that Stuart's criminal-history category did not reflect the seriousness of his criminal past and sentenced Stuart for the drug offense as if his criminal history category was VI, arriving at a term of 24 months' imprisonment.

Counsel begins by notifying us that Stuart does not wish to challenge his guilty plea. Accordingly, counsel properly refrains from discussing possible arguments about the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel first considers whether Stuart could challenge his prison sentence on the ground that the district court held him responsible for too much marijuana. The court arrived at the drug weight based on Stuart's admission to investigators that his home-grown marijuana plants produced around three pounds (1.36 kilograms) of marijuana. Stuart objected that his estimate was unreliable and should have been scrapped in favor of the combined weight (less than a kilogram) of the marijuana found at his house and sold to an informant. But given that we review drug-quantity findings for clear error, *United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008), we agree with counsel that a challenge here would be frivolous. In fact, the district court *understated* the drug quantity (though not to a degree that would affect the guidelines range). Stuart said that he grew 16 plants, and 16 plants equals a minimum of 1.6 kilograms, even if the actual yield is less. U.S.S.G. § 2D1.1(c), n.(E). Stuart's proposed estimate was thus out of the question.

Counsel next considers arguing that Stuart's prison sentence is unreasonably long, but correctly concludes that this argument would be frivolous. We would uphold an above-range sentence so long as the district court reasonably applied the factors in 18 U.S.C. § 3553(a) and adequately explained the penalty. *See United States v. Hurt*, 574 F.3d 439, 442 (7th Cir. 2009); *United States v. Wise*, 556 F.3d 629, 632-33 (7th Cir. 2009). In this case the

court analyzed the 3553(a) factors and concluded that they weighed in favor of a sentence above the range. The court explained that Stuart has a violent past and that nothing in his recent conduct suggested that prison had diminished his danger to the community. Stuart had done well "at the beginning" of his supervised release, the court acknowledged, but he had been out of prison for less than a year when he jumped into his next criminal enterprise, and there was evidence at sentencing that Stuart had planned to expand the drug operation to make it "big-time." Moreover, the court concluded that an increase above the range was warranted because Stuart's criminal-history category is understated, which is reason enough to justify the sentence imposed. U.S.S.G. § 4A1.3(a); *United States v. Jackson*, 547 F.3d 786, 793-94 (7th Cir. 2008); *United States v. Valle*, 458 F.3d 652, 657, 658-59 (7th Cir. 2006).

As a final matter, Stuart has not filed a notice of appeal from the revocation of his supervised release, so counsel observes correctly that we would not entertain a challenge to the length of his reimprisonment for violating the conditions of his supervised release. FED. R. APP. P. 4(b)(1); *Easley v. Kirmsee*, 382 F.3d 693, 696 n. 3 (7th Cir. 2004).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.