**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4055**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

JOSHUA M. BLANKENSHIP,

            Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (2:08-cr-00257-1)

Submitted:  May 19, 2010               Decided:  June 18, 2010

Before DUNCAN and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Christian M. Capece, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, J. Christopher Krivonyak, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua M. Blankenship pled guilty to one count of possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) (2006), and was sentenced to a year and one day of imprisonment. On appeal, Blankenship raises only one claim, arguing that the district court erred in applying a four-level enhancement to his base offense level under U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(6) (2009) for possession of two firearms during Blankenship's commission of felony mail theft. For the following reasons, we affirm.

At the time of the underlying offense, Blankenship was addicted to and abusing pain medication. While transporting mail for his employer, Blankenship stole prescription medicines containing hydrocodone from the mail, and crushed and snorted the pills during three stops he made on his way to the post office. When he was arrested, Blankenship had a loaded revolver in his waistband and a loaded pistol concealed in his duffle bag, which was next to Blankenship in the cab of the truck.

Under § 2K2.1(b)(6), "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense," a four-level enhancement is applied to the defendant's offense level. The commentary explains that the phrase "in connection with" means whether "the firearm or

ammunition facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1, cmt. n.14(A). This court has explained that "[t]his requirement is satisfied if the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." United States v. Jenkins, 566 F.3d 160, 162 (4th Cir. 2009) (internal quotation marks, citation, and alteration omitted). However, "the requirement is not satisfied if the firearm was present due to mere accident or coincidence." Id. at 163 (internal quotation marks omitted). Whether a defendant used a firearm in connection with a felony is "a factual determination based on the specific circumstances of [each] case and, as such, is subject to a clearly erroneous standard of review." Id. Accordingly, we "will not disturb the district court's finding unless we are left with the definite and firm conviction that a mistake has been committed." Id. (internal quotation marks omitted).

Here, the district court found that Blankenship used and possessed the firearm in connection with the offense of mail theft, because the firearms facilitated or helped to facilitate the offense. The court determined that Blankenship knowingly possessed the firearms on or near his person, with one gun in his waistband and one in a bag on the seat next to him; he committed the offense of mail theft; and he was emboldened to

3

commit the theft and protected during its commission by the firearms.

On appeal, Blankenship asserts that there is no evidence that either of the firearms "actually aided or helped him" complete the mail theft offense, or that "he used one of the firearms to secure a parcel before opening it or to scare away other would-be medication thieves so he could open a package and keep the drugs inside to himself." However, as Blankenship also acknowledges in his brief, whether the firearms were actually used does not control application of the enhancement. If the firearm had the potential to facilitate the offense, the enhancement is still applicable. Blankenship himself admitted that he had the firearm in his waistband for "protection;" thus its presence was not mere accident or coincidence.[*] Although he asserts that this was due to the fact that he drove late at night on rural roads, the record clearly demonstrates that, like the defendant in Jenkins, Blankenship's firearm was loaded, located on his person, and accessible and ready for use. The isolated nature of his route "suggests that there was a heightened need for protection and that the firearm

---

[*] Blankenship did argue that the second firearm located in his duffle bag was only there because he had used it at a range and forgotten to remove it from his bag. However, he conceded that the first firearm was intentionally on his person.

4

emboldened [Blankenship]." Jenkins, 566 F.3d at 164. Based on these facts, we cannot say that the district court was clearly erroneous in its application of the four-level enhancement.

Accordingly, we affirm Blankenship's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED