**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4123**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WILLIAM EDWARD TODD,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.    Terrence W. Boyle,
District Judge.  (5:09-cr-00231-BO-1)

Submitted: October 19, 2010          Decided: November 4, 2010

Before GREGORY and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, James E. Todd, Jr., Research
and Writing Attorney, Raleigh, North Carolina, for Appellant.
George E. B. Holding, United States Attorney, Anne M. Hayes,
Michael G. James, Assistant United States Attorneys, Raleigh,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Edward Todd appeals from his 110-month sentence imposed pursuant to his guilty plea to possession of a firearm by a convicted felon. On appeal, Todd asserts that (1) the district court applied the wrong legal standard when overruling his objection to the enhancement of his sentence pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) (2009), for possession of the firearm in connection with another felony offense; and (2) if the court applied the right standard, the court's factual findings were clear error. We vacate and remand for further proceedings.

Todd sold marijuana to a confidential informant from his residence. On the same day, officers executed a search warrant for Todd's apartment and recovered marijuana, ammunition, and a shotgun. After Todd was arrested, he admitted to selling marijuana and told officers that his uncle brought the shotgun over to his residence for safekeeping. The shotgun was in the bedroom closet.[1]

Section 2K2.1(b)(6) provides for a four-level enhancement if a defendant "used or possessed any firearm or ammunition in connection with another felony offense."

---

[1] It is unclear whether the shotgun was loaded or unloaded. The presentence report states that the shotgun was unloaded, but the Government averred at sentencing that it was loaded.

Application Note 14(A) to § 2K2.1 states that subsection (b)(6) applies "if the firearm . . . facilitated, or had the potential of facilitating, another felony offense . . . ." We review de novo the legal application of the Guidelines to the facts. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Whether a defendant has actually possessed a firearm in connection with another felony offense is a factual question reviewed for clear error. United States v. Garnett, 243 F.3d 824, 829 (4th Cir. 2001).

We have explained that the requirements of § 2K2.1(b)(6) are "satisfied if the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." United States v. Jenkins, 566 F.3d 160, 162 (4th Cir.) (internal quotation marks, citation, and alteration omitted), cert. denied, 130 S. Ct. 330 (2009). However, "the requirement is not satisfied if the firearm was present due to mere accident or coincidence." Id. at 163 (internal quotation marks omitted). Application Note 14(B) to USSG § 2K2.1(b)(6) further provides that, "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia[,]" application of subsection (b)(6) "is warranted because the presence of the firearm has the potential of facilitating another felony offense . . . ." See

3

also <u>United States v. Lipford</u>, 203 F.3d 259, 267 (4th Cir. 2000) (finding firearm was used to facilitate drug trafficking where gun's involvement was not "spontaneous" or "coincidental").

We have analogized the "in connection with" language in § 2K2.1(b)(6) to the definition of "in relation to" in 18 U.S.C. § 924(c) (2006). <u>Garnett</u>, 243 F.3d at 828; <u>United States v. Nale</u>, 101 F.3d 1000, 1003-04 (4th Cir. 1996). In <u>Smith v. United States</u>, 508 U.S. 223 (1993), "the Supreme Court determined that the 'in relation to' language of § 924(c) could be satisfied by proving that a weapon facilitated or potentially facilitated the offense." <u>Nale</u>, 101 F.3d at 1003. Additionally, this court, in the context of § 924(c), has stated that a firearm is used "in relation to" another felony offense "if the firearm was present for protection or to embolden the actor." <u>Lipford</u>, 203 F.3d at 266.

Accordingly, the Government was required to prove more than the mere presence of the firearm. It must also prove that the firearm facilitated or had the tendency to facilitate Todd's drug sales, was present for protection, or served to embolden him. Our review of the record convinces us that the district court likely applied the wrong legal standard. The district court repeatedly and incorrectly stated that all the Guideline required was possession of the firearm contemporaneous with the felony drug sale. In addition, the court erroneously stated

4

that contemporaneous possession was sufficient because the Guidelines had a lower threshold than 18 U.S.C. § 924(c) (2006).[2] The court did not make any findings that the firearm emboldened Todd, that it was present for his protection, or that the drugs and the firearm were found in close proximity. Because the district court likely applied the wrong legal standard in calculating Todd's Guidelines range, his sentence was procedurally unreasonable. United States v. Lewis, 606 F.3d 193, 200 (4th Cir. 2010) (improperly calculating the Guidelines range is "significant procedural error").

Accordingly, we vacate Todd's sentence and remand for the district court to recalculate the Guidelines range using the appropriate legal standard. We express no opinion as to whether the facts of the case supported an enhancement under the correct legal standard. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[2] The Government asserts that the court was merely stating that the standard of proof was different in a Guidelines calculation than when determining the underlying conviction; however, the burden of proof was undisputed at the hearing, and a fair reading of the district court's statements supports the conclusion that the court erroneously believed that less of a connection needed to be shown to support the Guidelines enhancement than to support a § 924(c) conviction.

materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED