DIAZ, Circuit Judge,
dissenting:
The majority concludes that when a firearm is the object of a larceny, a defendant necessarily possesses it “in connection with” that larceny for purposes of applying the four-level sentence enhancement authorized by the U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2K2.1(b)(6)(B) (2013). Were I writing on a cleaner slate, I might well agree with the majority’s view; indeed, at least two other circuits have adopted similar reasoning. See United States v. Marrufo, 661 F.3d 1204, 1207-09 (10th Cir.2011); United States v. Pazour, 609 F.3d 950, 954 (8th Cir.2010).[1] But because our circuit has resisted such a broad interpretation of the relevant Guideline and instead employs a case-by-case, fact-specific inquiry to determine whether the firearm actually or potentially facilitated the predicate crime, I respectfully dissent.
In United States v. Blount, 337 F.3d 404 (4th Cir.2003), we contrasted our fact-driven view of the “in connection with” requirement with the broader approach employed in other circuits. Blount pleaded guilty to possession of a firearm and ammunition by a felon after he was found with ammunition on his person near the scene of a burglary. He admitted that he had also stolen a firearm in the burglary but had discarded it. On those facts, the presentence report recommended a four-level enhancement under § 2K2.1(b)(6)(B). Blount objected to the enhancement and we agreed that it was inappropriate.
*175 Specifically, we observed that “the mere fact that a firearm was available to the defendant during commission of another crime,” while sufficient to support the four-level enhancement in other circuits, would not justify the enhancement in this circuit. Blount, 337 F.3d at 410-11. Rather, “a clearer nexus between the firearm and the associated offense” is necessary to satisfy the “in connection with” requirement. Id. at 411.
We clarified that a firearm is not used “in connection with” another offense unless it facilitates the offense, meaning that it “must have some purpose or effect with respect to ... the crime.” Id. (internal quotation marks omitted). We also gave several examples of how the government might make this showing, including by demonstrating that the defendant actually used the firearm to intimidate others, or that he kept it close at hand to prepare for this contingency. Id.
Admittedly, Blount’s holding with respect to burglary was abrogated by Application Note 14(B),[2] but its reasoning remains good law in this circuit for other predicate crimes. In that regard, we have continued to require that district courts make specific findings of fact to support a conclusion that a firearm facilitated another felony. Our decision in United States v. Hampton, 628 F.3d 654 (4th Cir.2010), is instructive.
Hampton was involved in an altercation with police after the car in which he was a passenger was pulled over. As Hampton struggled -with an officer, he repeatedly reached for his pants pocket. After he was subdued, the police recovered a .38 caliber revolver from his pocket. Although there was no dispute that Hampton possessed the firearm, we nonetheless looked to his specific conduct to determine whether the firearm had a facilitative purpose or effect. Because Hampton kept the firearm “close at hand” and attempted to retrieve it multiple times during his skirmish with the police, we held that it facilitated Hampton’s assault of a police officer while resisting arrest, thus warranting the enhancement. Id. at 663-64.
Hampton is representative of our case-by-case approach to the application of this particular enhancement. See, e.g., United States v. Jenkins, 566 F.3d 160, 162 (4th Cir.2009) (making a “factual determination based on the specific circumstances of th[e] case” that the firearm potentially facilitated the defendant’s drug possession because it emboldened him); see also United States v. Todd, 400 Fed.Appx. 708, 710 (4th Cir.2010) (unpublished) (reversing the district court’s application of the enhancement because the district court “applied the wrong legal standard” by not making any findings that the firearm emboldened the defendant or was present for his protection); United States v. Blankenship, 383 Fed.Appx. 345, 346 (4th Cir.2010) (unpublished) (upholding the enhancement where the district court found that the defendant “was emboldened to commit the theft [of prescription medicines] and pro *176 tected during its commission by the firearms”); cf. United States v. Lucas, 542 Fed.Appx. 283, 286-88 (4th Cir.2013) (unpublished) (holding that a firearm facilitated the offense of obstruction of justice where the defendant fled from the police and hid the firearm in a freezer, which rendered the underlying offense of obstruction more dangerous).
In this case, the district court applied the enhancement because (1) the firearm was “the fruit of the theft,” and (2) in any case involving possession of a firearm, the firearm “can be said to facilitate [the offense] ... to the extent one might be confronted during the course of an escape.” J.A. 98. Neither rationale supports applying the enhancement.
With respect to the district court’s first reason, our circuit has never before adopted the view, articulated in Pazour, that a firearm per se facilitates a crime when it is the object of that crime. See 609 F.3d at 954. Rather, we have emphasized that mere possession of a firearm while committing another felony is insufficient to support a finding of facilitation, and that district courts must instead look to the circumstances of each case to determine whether (for example) the firearm emboldened its possessor, was kept close at hand, was used for protection, or made the other felony more dangerous. See Blount, 337 F.3d at 411. The reasoning of the Eighth and Tenth Circuits, while attractive in its simplicity, cannot be reconciled with the fact-driven inquiry mandated by our cases.
The district court’s second rationale, which it acknowledged was “tenuous,” is similarly foreclosed by Blount. In determining whether a firearm facilitated a felony, Blount teaches that we look to the actual circumstances of each case, not to hypotheticals. See id. Although the district court correctly stated that a firearm could facilitate a felony “to the extent one might be confronted during the course of an escape,” it made no finding here that there was a confrontation or, for that matter, even a risk of one.
Because I would reverse the district court’s decision to apply the four-level enhancement on these facts, I respectfully dissent.

. The majority cites United States v. Wise, 556 F.3d 629 (7th Cir.2009), as evidence that the Seventh Circuit has also adopted this reasoning. In Wise, however, the court affirmed the district court's application of an enhancement under § 2K2.1(b)(6)(B) because the defendant's possession of a firearm facilitated the felony of reckless endangerment. 556 F.3d at 632. We came to a similar conclusion in United States v. Alvarado Perez, 609 F.3d 609, 612-14 (4th Cir.2010). In both cases, it was axiomatic that the possession of a loaded firearm had a purpose or effect with respect to the offense because the possession itself was the essence of the offense conduct. Additionally, in each of these cases, the district court’s conclusion that the firearm facilitated the offense was supported by findings of fact. Neither of those circumstances is present here.

. In Application Note 14(B), the Sentencing Commission specified two crimes in which acquiring or possessing a firearm automatically facilitates the offense for purposes of § 2K2.1(b)(6)(B): burglary and drug trafficking. In this case, however, the underlying felonies are larceny and safecracking. The government contends nonetheless that the reach of the Note extends to these predicate offenses. But by its plain terms, Note 14(B) applies only to the named offenses, and indeed was enacted by the Commission specifically to address a circuit split with respect to the use of a firearm "in connection with” those offenses. U.S.S.G. app. C, amend. 691 (2011) ("Reason for Amendment”). Had the Commission intended the Note to apply to other offenses, it could have easily included them.