In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-2794

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ANTHONY R. WISE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 07 CR 30049—**Michael J. Reagan,** *Judge.*

ARGUED JANUARY 8, 2009—DECIDED FEBRUARY 17, 2009

Before EASTERBROOK, *Chief Judge*, and EVANS and
TINDER, *Circuit Judges*.

EVANS, *Circuit Judge*. It is an event almost too painful
to recount: a four-year-old discharged a gun he found
lying around the house, killing his two-year-old cousin.
The inaptly named Anthony Wise is the person who left
the loaded gun on a window ledge behind a computer.
As it turns out, Wise was even extra unwise because he
was a convicted felon who could not legally possess a
gun. As a result of all this, Wise was charged and con-

victed for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). His sentence was enhanced because the judge found that he had also violated an Illinois statute prohibiting child endangerment. Wise was sentenced above the guideline range to a term of 120 months in prison. He contends the enhancement was improper and that the sentence is unreasonable.

Until the week before the incident, Wise was living with Kimberly Terrell, the mother of the slain child—we will refer to the child as Sandy—in her apartment in Venice, Illinois. Although Wise was not Sandy's biological father, he considered himself to be her father and his name was on her birth certificate. Two days before the day in question, Wise was in the apartment. While there, he placed a loaded gun on a window ledge, a spot where it should have been quite obvious that kids could find it. He later acknowledged, because children were often present, it was not a good place to leave a loaded gun.

On the evening of the incident, Wise and a friend, Anthony Borney, were at Kimberly's apartment. Also in the apartment in the living room were Kimberly's four-year-old nephew, who we will call Danny, and another two-year-old little girl. At some point, Wise and Kimberly went into a bedroom and began to argue, leaving the children in the living room with Borney. Later, Borney left the room. Less than two minutes after he left, a gunshot rang out. In that short time, Danny had picked up the gun, and it discharged in his hands. Borney, Wise, and Kimberly rushed to the living room to find Sandy lying

on the floor. She had been shot in the head. Wise picked up the gun and ran from the apartment. He threw it away near a railroad track, where the Illinois State Police subsequently found it after Wise told them where it was. Sandy, sadly, died the following day at a hospital in St. Louis.

Wise was charged and entered a guilty plea to being a felon in possession of a firearm. He was sentenced to 120 months in prison. He says the sentence is unreasonable and that, specifically, the adjustment applied to his base offense level, pursuant to § 2K2.1(b)(6) of the United States Sentencing Guidelines, was improper.

In relevant part, that section calls for the base offense level to be increased four levels

> [i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense.

The district judge concluded that Wise committed "another felony offense" when he violated 720 ILCS 5/12-21.6(a), the Illinois law that prohibits reckless endangerment of a child resulting in death. The law provides that it is a violation to

> willfully cause or permit the life or health of a child under the age of 18 to be endangered or to willfully cause or permit a child to be placed in circumstances that endanger the child's life or health[.]

A violation of the statute that is a "proximate cause of the death of the child is a Class 3 felony[.]" 720 ILCS 5/12-21.6(d).

The issue before us is whether Wise violated this statute and, if so, whether the violation fits within § 2K2.1(b)(6). We first turn to the question of whether he violated Illinois law. Under Illinois law, "endanger" for purposes of the statute refers to a potential or possible injury; it does not require conduct that results in actual harm. *People v. Jordan*, 218 Ill. 2d 255 (2006). Here, of course, it did, and in fact caused the death of a child. Under the statute, as *Jordan* explains, "willful conduct" means knowing conduct. Wise acknowledged that he knew leaving the gun where he did was not safe and that he knew little children were often in the house. It goes almost without saying that leaving a loaded gun where children can find it is reckless endangerment. In fact, the State of Illinois originally charged Wise with this offense.

Next, then, we must consider whether a violation of this statute fits within § 2K2.1(b)(6).

It is undisputed that Wise was a felon *in possession* of a firearm. So the question is simply whether he "used or possessed any firearm or ammunition in connection with another felony offense." He says the purpose of § 2K2.1(b)(6) is to punish more severely a defendant who, on top of the firearms offense, commits a separate felony that is made more dangerous by the presence of the firearm. He argues the willful endangerment offense was not made more dangerous by possessing the firearm,

but rather his lapse in properly handling the firearm was the essence of that offense. In connection with this argument, he says that the endangerment was not "another felony offense" but rather was the same crime as the federal crime of being a felon in possession of a firearm.

We disagree. There are many ways in which a felon can possess a firearm. In this case, Wise would have been a felon in possession even had he possessed the gun in a more responsible way—say, if he had kept it unloaded in a locked cabinet, or if he had kept it unloaded with a trigger lock. More than likely, though, responsible possession would not have endangered the lives of children. And, of course, there are ways in which children can be endangered, other than by having people leaving loaded guns lying around. Children can be carelessly allowed to fall out of open third-story windows or be allowed access to harmful chemicals. Also, notably, children's lives can be endangered by persons who are not felons but who leave loaded guns within reach.

In this case, in addition to being a felon in possession of a firearm, Wise also, by carelessly leaving his loaded gun in a location accessible to children, willfully caused or permitted the life of a child to be endangered, which, in this case, resulted in the death of the child. It is fair to say that possessing a gun is one thing, but leaving it, loaded, lying around where children can find it, is quite another. Wise possessed the firearm in connection with another felony offense for purposes of § 2K2.1(b)(6).

Wise also contends that the sentence is unreasonable. We review the reasonableness of a sentence for an abuse

of discretion, regardless of whether it is inside or outside the guideline range. *United States v. Gordon*, 513 F.3d 659 (7th Cir. 2008). A sentence outside the guideline range is not presumptively unreasonable. *Irizarry v. United States*, 128 S. Ct. 2198 (2008). Deference is given to the district court's determination that the factors in 18 U.S.C. § 3553(a), when taken as a whole, justify the extent of the variance from the guidelines. *See Gordon*, 513 F.3d at 666.

Wise argues that his sentence is unreasonable because it was not the result of reasoned consideration of the § 3553 factors. He says, basically, that the judge had a visceral reaction to the crime, which resulted in the 120-month sentence. Even if he did, and realistically who wouldn't, he nevertheless gave reasoned consideration to the § 3553 factors and explained the sentence:

> If ever a case cried out for the maximum, this is it. It is rare that you would ever hear me say that the maximum is not enough. I usually complain that Congress' sentences are too stiff, that mandatory minimums are inappropriate, but this is one set of facts where I think I can make an argument that ten years isn't enough.
>
> We have a dead two-year old who was killed by a four-year old who is definitely going to have long term problems. . . . This case is going to have ripple effects that are negative for a long time for these kids and for their mother.

The judge then proceeded to consider other aggravating and mitigating factors. Finally, he considered whether

Wise should get credit for acceptance of responsibility. He concluded he should not because shaving any time off the sentence would not send the right signal in terms of deterrence; in short the judge found that nothing but the maximum was appropriate. We cannot say there was an abuse of discretion.

Accordingly, the judgment is AFFIRMED.