**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 7, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRANDON KEITH THOMPSON,

    Defendant - Appellant.

No. 14-4008
(D.C. No. 2:12-CR-00071-DS-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

Defendant Brandon Thompson pleaded guilty to being a felon in possession of a

firearm. *See* 18 U.S.C. § 922(g)(1). At sentencing, the United States District Court for

the District of Utah imposed a four-level enhancement because Defendant committed the

crime in connection with another felony. *See* USSG § 2K2.1(b)(6). On appeal

Defendant argues that the government did not prove the factual predicate for the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

enhancement by a preponderance of the evidence. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

The district court found that in two separate incidents Defendant had possessed a firearm (the same firearm on which his conviction was based) while possessing a stolen vehicle (the same vehicle on both occasions), knowing that the vehicle was stolen, which is a felony in Utah. One incident was on January 18, 2012. Officers responded to a report that someone had damaged property at a clothing store in a mall. Upon arriving, an officer observed Defendant and Trevor Peterson removing items from a silver Dodge truck in the parking lot, though he could not identify the items. Defendant and Peterson then went back into the store. Officer Vincent Nguyen testified that he arrived at the mall and was informed that Defendant and Peterson had left the store and were walking toward a movie theater. After locating the two men, he saw them change direction (apparently after seeing police) and head toward a restaurant. He drove within 10 to 15 feet of them, identified himself, and told them to stop. When they continued walking, he got out of his car and again told them to stop. They still ignored him and entered the restaurant. He followed and located Peterson in the lobby and Defendant in the restroom. He had taken both men outside when another officer told him that a restaurant employee had found a gun and keys in a trash can in the restroom. The keys unlocked the silver Dodge truck, and the serial number on the gun matched the serial number on an empty gun case in the truck. The truck was stolen.

The other incident was two weeks earlier, on January 2, 2012. Autum Nate testified that she, her boyfriend, and another male, were driving in a car when they saw a silver Dodge truck owned by Nate's brother, which had recently been stolen. She recognized it by some dents, especially one on the driver's side door, and the remains of a sticker that had been scratched off the back window. She lived with her brother and knew he had filed a police report about the theft. The truck had been traveling toward them, so they turned around and followed it, staying within 40 or 45 feet. The truck accelerated but they caught up. Then Nate observed the driver of the truck stick a gun out the driver-side window with his right hand and shoot at them two or three times. One bullet ricocheted off the road and chipped their windshield. They abandoned the chase and called the police.

Nate had briefly seen the shooter's face in the truck's side mirror. On January 24 she was shown a photo lineup and narrowed the array down to two photos. After an officer urged her to pick just one, she identified Defendant. Nate could not, however, remember which photo she had selected when presented with the array in court.

Agent Brian Davis testified that he was the case agent who had reviewed reports and files confirming that the truck was stolen and connecting the two incidents. He further testified that officers found a shell casing on the road where the January 2 shooting had occurred and that the crime lab determined that the casing had been fired from the gun found in the trash can on January 18.

II.     ANALYSIS

"Factual findings [at sentencing] must be supported by a preponderance of the evidence." *United States v. Hooks*, 551 F.3d 1205, 1217 (10th Cir. 2009). We review the district court's findings for clear error, which "exists if a factual finding is wholly without factual support in the record, or after reviewing the evidence, we are definitively and firmly convinced that a mistake has been made." *Id.* (internal quotation marks omitted). An appellate court cannot reject testimony as "incredible unless it is unbelievable on its face, i.e., testimony as to facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature." *United States v. Hoyle*, 751 F.3d 1167, 1175 (10th Cir. 2014) (internal quotation marks omitted). "[H]earsay statements may be considered at sentencing if they bear some minimal indicia of reliability." *United States v. Ruby*, 706 F.3d 1221, 1229 (10th Cir. 2013) (internal quotation marks omitted).

To be subject to an enhancement under USSG § 2K2.1(b)(6), "the defendant must (1) use or possess a firearm (2) in connection with (3) another felony offense." *United States v. Marrufo*, 661 F.3d 1204, 1207 (10th Cir. 2011). Defendant argues only that there was insufficient evidence that he committed another felony. The district court determined that there was sufficient evidence to show that on both January 2 and January 18 he committed the Utah felony of possessing a stolen car knowing or having reason to know it was stolen. *See* Utah Code Ann. § 41-1a-1316(2) (West 2014).

Defendant's challenge to the sufficiency of the evidence borders on the frivolous. Nate's testimony alone is sufficient to show that the truck was stolen. And police

4

testimony regarding their records corroborated that fact. As for Defendant's knowledge that it was stolen, his shooting at those following him and his disposing of the keys in the restroom trash can imply guilty knowledge. Also, there is no question that Defendant was in possession of the truck on January 18. Thus, the evidence amply showed the factual predicate for the enhancement on January 18. As for whether Defendant was driving the truck on January 2, there are reasonable questions about the reliability of Nate's photo identification, but it could still be credited, and it was corroborated by the January 18 evidence, particularly the match between Defendant's gun and the casing found in the street. Thus, the evidence also supports the finding for January 2 (which was not necessary for the enhancement anyway).

## III.  CONCLUSION

We AFFIRM Defendant's sentence.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

5