**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff–Appellee,

v.

MATTHEW WADE HOWARD,

    Defendant–Appellant.

No. 17-8060
(D.C. No. 1:17-CR-00072-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Mr. Matthew Wade Howard pleaded guilty to possession of a firearm by a person subject to a domestic violence protection order, possession of stolen firearms, and possession of an unregistered firearm. 18 U.S.C. § 922(g)(8), 922(j); 26 U.S.C. §§ 5841, 5845(a), 5861(d). The district

---

[*] The parties have not requested oral argument, and it would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

court sentenced Mr. Howard to 54 months' imprisonment, 3 years' supervised release, and a $300 fine. Mr. Howard appeals, arguing that

- the district court erred in applying a four-level sentencing enhancement for possession of a firearm in connection with another felony and

- the sentence is substantively unreasonable based on a failure to adequately weigh the mitigating factors.

We reject both arguments.

## I. The Sentencing Enhancement

The probation office recommended a four-level sentencing enhancement for possession of a firearm "in connection with another felony offense." *See* U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B). The district court agreed and imposed the enhancement. Mr. Howard argues that this enhancement cannot be applied when the other felony is theft and the firearms are simply the items that were taken.

Because Mr. Howard did not present this challenge in district court, we apply the plain-error standard. *United States v. Banks*, 761 F.3d 1163, 1196 (10th Cir. 2014). Under this standard, an error is reversible only if it is obvious. *FDIC v. Kan. Bankers Sur. Co.*, 840 F.3d 1167, 1172 (10th Cir. 2016). If any error was committed here, it was not obvious.

Mr. Howard's challenge is foreclosed by *United States v. Marrufo*, 661 F.3d 1204 (10th Cir. 2011). There we applied the same enhancement, and the issue was the applicability of the enhancement when the other

felony was tampering with evidence consisting of a firearm. 661 F.3d at 1206–07. The defendant argued that the firearm had to be separate from the other offense. *Id.* at 1208. We rejected this argument based on the guideline's text and the fact that the defendant could have committed the crime of unlawfully possessing the gun without tampering with it. *Id.*

Mr. Howard concedes that under *Marrufo*, the enhancement could be applied even if the firearms were the items taken. We need not decide whether Mr. Howard's concession was necessary. Even if it wasn't, any possible error would not have been obvious. As a result, we conclude that Mr. Howard has not shown plain error.

## II.    Substantive Reasonableness

Mr. Howard also argues that his 54-month sentence is substantively unreasonable. We disagree.

Sentences must be substantively reasonable. *United States v. Walker*, 844 F.3d 1253, 1255 (10th Cir. 2017). Substantive reasonableness is reviewed under the abuse-of-discretion standard. *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009). A district court abuses its discretion by deciding an issue arbitrarily, capriciously, whimsically, or in a way that is manifestly unreasonable. *Id.*

Because the 54-month sentence was below the guideline range, the sentence is considered presumptively reasonable. *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). In addition, the district court

could reasonably consider aggravating circumstances, such as Mr. Howard's act of sawing off a shotgun and threats to shoot police and have his father and ex-wife murdered.

Mr. Howard contends that the district court should have put greater weight on mitigating factors, such as his drug addiction, concussions, positive support system, and lack of a lengthy criminal history. These factors persuaded the court to vary downward by 33 months. The refusal to vary downward even further was not arbitrary, capricious, whimsical, or manifestly unreasonable. Thus, we conclude that Mr. Howard has not shown an abuse of discretion.

## III.  Disposition

We reject Mr. Howard's challenges to the sentence. As a result, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge