**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 15, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES LANDON MCCULLOUGH, a/k/a
Crazy, a/k/a Scandles, a/k/a Desilon
Atkins,

    Defendant - Appellant.

No. 23-6107
(D.C. No. 5:22-CR-00293-SLP-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **SEYMOUR**, and **EID**, Circuit Judges.
_____

James McCullough pleaded guilty to being a felon in possession of a firearm. At sentencing, the district court applied a four-level enhancement for possessing the firearm while also in possession of fentanyl and cocaine. Mr. McCullough seeks resentencing, arguing the firearm did not facilitate or embolden his drug possession, so the enhancement was improper.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We affirm.  Mr. McCullough has not shown that the district court clearly erred when it concluded that the firearm was related to his illegal possession of fentanyl and cocaine.

## I.     Background

The Oklahoma City Police Department Vice Unit conducted a sting to catch a prostitute in June 2022.  An undercover detective met the prostitute at a hotel room that had been rented for four nights under the name John McCullough.  As the sting unfolded, Mr. McCullough watched from a nearby balcony as the prostitute was taken into custody.  He then approached the room.  Detectives detained him and asked if he was carrying a weapon.  Mr. McCullough admitted he had a firearm in his pant leg and that he was a felon.  The officers arrested and searched Mr. McCullough and found the firearm, a loaded magazine, 16 "M30" pills[1] concealed in a pill container, and 8.3 grams of cocaine concealed in another container on his belt loop.

A federal grand jury indicted Mr. McCullough on one count of being a felon in possession of a firearm in violation of 18 U.S.C § 922(g)(1).  He pleaded guilty without a plea agreement.  At sentencing, the district court applied a four-level enhancement for possessing a firearm in connection with another offense under U.S.S.G. § 2K2.1(b)(6)(B).  The predicate offense was simple possession of cocaine

---

[1] "M30" pills are fake oxycodone pills containing fentanyl.  R., Vol. I at 50.

and fentanyl. The Presentencing Report listed a total offense level of 25 and a criminal history category VI. The resulting Guideline range was 110 to 120 months.[2]

Mr. McCullough objected to the enhancement. He argued that the firearm did not facilitate or embolden his predicate drug possession charge because he is an addict who would have possessed the drugs regardless. According to Mr. McCullough, he had no need to protect himself because the containers were discreet, and no one could have observed him carrying them.

The district court overruled his objection, ruling that the government had met its burden and proved by a preponderance of the evidence that the firearm could have facilitated another felony. In the context of the arrest, it said, there was a connection to illegal activity, a criminal history which included violent crimes and cocaine distribution, and multiple varieties of drugs. Ultimately, the court concluded the firearm was in immediate proximity and readily available to protect Mr. McCullough while he was engaging in illegal drug conduct.

Mr. McCullough now argues that the government failed to meet its burden. He argues that a firearm's proximity to drugs is only sufficient to prove connection if the predicate offense is drug *trafficking*. Since his predicate offense was only simple possession, the government must provide more proof. He also argues that the surrounding facts do not prove the firearm and drugs were connected because he is a

---

[2] The maximum of 120 months is set by statute. R., Vol. II at 35; *see also* 18 U.S.C. § 924(b).

drug addict who would have possessed drugs regardless. He contends that his prior criminal history and personal-use quantities of drugs support this inference.

The district court sentenced Mr. McCullough to 120 months in prison and three years of supervised release. Without the four-level enhancement, the Guideline range would be 77 to 96 months. Mr. McCullough requests remand to the district court to be resentenced accordingly.

## II.    Analysis

When reviewing a district court's application of the Guidelines, we review legal conclusions de novo and factual findings for clear error. *United States v. Mollner*, 643 F.3d 713, 714 (10th Cir. 2011) (quoting *United States v. Munoz-Tello*, 531 F.3d 1174, 1181 (10th Cir. 2008)).

This court has recognized that the enhancement for possession of a firearm in connection with another felony has three elements: "the defendant must (1) use or possess a firearm (2) in connection with (3) another felony offense." *United States v. Marrufo*, 661 F.3d 1204, 1207 (10th Cir. 2011); *see* also U.S.S.G. § 2K2.1(b)(6)(B). Mr. McCullough does not contest that he possessed a firearm or that drug possession is a felony, just that the two were connected. The comments to the Sentencing Guidelines clarify that a firearm is possessed "in connection" to another felony if the firearm "facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1(b)(6)(B) cmt. n. 14(A). The plain meaning of "facilitate" is to "make easier." *Marrufo*, 661 F.3d at 1207 (citing Black's Law Dictionary 668 (9th ed. 2009)).

Mr. McCullough argues no facts indicate that the firearm was related to his simple possession. He claims his prior cocaine distribution charges and lack of fentanyl history, as well as the small, personal-use quantities of drugs support his contention that he is a drug addict who would have possessed drugs whether he had a firearm or not. Without these facts, he claims, the government's only evidence of connection is proximity.

Mr. McCullough argues proximity alone is insufficient unless the connected felony is drug *trafficking*, and his predicate offense is only simple possession. *See* U.S.S.G. § 2K2.1(b)(6)(B) cmt. n. 14(B). Not so. This court has held that a "weapon's proximity to narcotics may be sufficient to provide the nexus necessary to enhance a defendant's sentence." *United States v. Bunner*, 134 F.3d 1000, 1006 (10th Cir. 1998). The presence of both narcotics and a firearm at home may be mere coincidence, but proximity is enough when a defendant is carrying both a firearm and narcotics on his person in public. As we held in *United States v. Justice*, "when the defendant is out and about, with drugs on his person and a loaded firearm within easy reach, one can infer that the proximity of the weapon to the drugs is not coincidental and that the firearm facilitated, or had the potential of facilitating, the drug offense by emboldening the possessor." 679 F.3d 1251, 1256 (10th Cir. 2012) (internal quotations removed). In *Justice*, we ultimately concluded proximity was sufficient even though the connected offense was simple possession of methamphetamine.

That is the exact factual situation we find here. The defendant was in public with both drugs and a firearm on his person. Even if he would have possessed the

drugs without the firearm because of his addiction, it is not clearly erroneous to believe the handgun "gave him a sense of security emboldening him to venture from his home with drugs that someone might wish to take from him by force." *Id.* at 1255. The relevant question is not whether the firearm was a but-for cause of his possession, just if it "emboldened" him. Ultimately, Mr. McCullough offers no legal alternative use for the firearm, and as a felon, he has none.

Even if proximity alone were insufficient, the district court based its decision on the totality of the circumstances. It also observed that Mr. McCullough bore some connection to the room where illegal activity (prostitution) was taking place, has a relevant criminal history including cocaine distribution, and possessed two different kinds of drugs. Taken together, the district court concluded, these facts met the requisite preponderance of the evidence standard.

Mr. McCullough claims these facts paint a different picture. He argues they support his claim that he is a drug addict and that the gun was unrelated to the drugs and was carried for other purposes. Mr. McCullough's alternative explanations may be plausible, but plausibility is not the standard for clear error. *Manning v. United States*, 146 F.3d 808, 813 (10th Cir. 1998).

### III.    Conclusion

Mr. McCullough has not shown that the district court clearly erred when it found, by a preponderance of the evidence, that the firearm was possessed in connection with narcotic possession, and so applied the § 2K2.1(b)(6)(B) four-level enhancement.

6

We AFFIRM the district court's sentence.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge